IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA**
for the use and benefit of
**BELLE GENERAL CONTRACTING INC.,**

    Plaintiff,

v.                                                       Case No. 2:26-cv-00119

**STAMPEDE VENTURES, INC.**

    Serve:    CT Corporation System
                      Registered Agent
                      4701 Cox Road, Suite 285
                      Glen Allen, VA 23060

and

**LIBERTY MUTUAL INSURANCE COMPANY,**

    Serve:    Corporation Service Company
                      Registered Agent
                      100 Shockoe Slip, Floor 2
                      Richmond, VA 23219

    **Defendants.**

## COMPLAINT

Plaintiff, the United States of America for the use and benefit of Belle General Contracting, Inc. ("Belle"), by counsel, for its Complaint against Defendants, Stampede Ventures , Inc. ("SVI") and Liberty Mutual Insurance Company ("Surety") (collectively, the "Defendants"), on a payment bond posted pursuant to the Miller Act, 40 U.S.C. § 3131, *et seq.* (the "Miller Act"), and on claims against SVI for breach of contract, states as follows:

### PARTIES

1.     Belle is a Virginia corporation with its principal place of business in Chesapeake, VA. At all times pertinent hereto, Belle was a general contractor. Belle has a Class A Contractor's

1

license with license no. 2705172591.  Belle brings this action in the name of the United States of America for the use and benefit of Belle pursuant to §3133 (b)(3)(A) of the Miller Act.

2. SVI is a corporation organized under the law of the State of Alaska with its principal place of business in Nome, Alaska.

3. Surety is a corporation organized under the laws of the State of Massachusetts with its principal place of business in Boston, Massachusetts.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred upon this Court by the Miller Act, 40 U.S.C. § 3133 (b)(3)(B), which provides for original jurisdiction in the United States District Court in which the contract work was performed.

5. Venue is proper in this Court pursuant to 40 U.S.C. § 3133 (b)(3)(B) because the Project (defined below) was in Norfolk, Virginia.

## FACTS

6. NAVFAC awarded SVI Prime Contract Number N4008523D0038, Task Order N4008524F4235 ("Prime Contract"), to renovate the reservoir structure and replace booster pump station at Naval Station Norfolk (the "Project").

7. On or about November 29, 2023, Surety issued a Payment Bond to ensure the protection of all persons supplying labor or materials at the Project pursuant to the Miller Act (the "Bond"). A copy of the Payment Bond is attached to this Complaint as Exhibit 1. SVI is the principal of the Bond.

8. On or about January 24, 20241, SVI entered a subcontract with Belle pursuant to which Belle was to furnish all labor, equipment, and materials necessary to perform certain work on the Project ("Subcontract"). The Subcontract is attached as Exhibit 2.

9. Belle provided substantial labor and materials to the Project and to SVI.

2

10.   On April 24, 2025, SVI terminated Belle's contract for default pursuant to Subcontract Article 28.4.  (Ex. 3).

11.   A true copy of SVI's Notice of Termination for Convenience is attached as Exhibit 3.

12.   The Subcontract states at Article 28.4:

> Contractor, at its sole and absolute discretion, may terminate this Agreement in whole or in part for convenience.  In the event Contractor terminates this Agreement for convenience, Contractor shall be liable to Subcontractor for the reasonable value Work performed by Subcontractor prior to the termination, including reasonable overhead and profit, less prior payments made.

13.   After the termination for convenience, on May 27, 2025 Belle submitted to SVI an REA and Termination for Convenience Settlement Demand.

14.   On June 6, 2025, SVI responded to the May 27, 2025 REA and Termination for Convenience Settlement Demand ("SVI Response").

15.   A true and accurate copy of the SVI Response is attached as Exhibit 4.

16.   In the SVI Response, SVI approved the following work and corresponding values which totals $288,100.31:

    a.   Coating Application, Epoxy Coating of Metal Pipe - $3,500.00.

    b.   Spall Repair - $280,996.75

    c.   Tank Ladders Installation - $995.00

    d.   Equipment inside Tanks - $2,608.56

17.   When SVI terminated the Subcontract for convenience, it chose not to terminate the contract for default.

18.   The total amount owed to Belle for work performed before the termination for convenience is $674,118.96.

19.   Despite demand, Belle has not been paid by SVI or Surety for amounts due and owing for Belle's work on the Project.

20. Belle is owed $674,118.96 for unpaid invoices for Subcontract work performed at SVI's direction and request.

21. More than 90 days have passed since the last day on which Belle performed work on the Project for which the claim is made.

22. Despite demands for payment, Belle has not been paid in full for its work on the Project.

23. Less than a year has passed since the last day on which Belle last performed work on the Project.

24. Belle is a proper claimant under the Miller Act and is entitled to the protection of the Bond pursuant to 40 U.S.C § 3131, *et seq*.

25. All conditions precedent to the filing and maintenance of this action have been satisfied or waived.

## COUNT I
## MILLER ACT
### (Against SVI and Surety)

26. Paragraphs 1 to 25 are incorporated as if fully stated herein.

27. Under the Bond, the Surety bound itself with SVI for payment protection of all persons supplying labor and materials for the Project.

28. Belle had a direct contractual relationship with SVI to supply labor and materials on the Project.

29. Belle fully performed its work on the Project and properly furnished all labor, materials, and equipment pursuant to the Subcontract.

30. Belle is a proper claimant under the Bond and the Miller Act.

31. Defendants have failed to pay Belle sums due and owing to Belle for its work on the Project.

32. Belle has incurred damages in the amount of $674,118.98 because of Defendants' failure to pay Belle sums due and owing for Belle's work on the Project.

33. Defendants are jointly and severally liable to Belle under the Payment Bond for all sums due for its work on the Project in the amount of $674,118.98, plus pre- and post-judgment interest pursuant to Federal Acquisition Regulation ("FAR") 52.232-27, incorporated into the Prime Contract and the Subcontract, and taxable court costs.

## COUNT II
## BREACH OF SUBCONTRACT
(Against SVI)

34. Paragraphs 1 to 33 are incorporated as if fully stated herein.

35. Belle has fully performed its work on the Project in accordance with the terms of the Subcontract.

36. SVI terminated the Subcontract for convenience.

37. SVI materially breached the Subcontract with Belle by failing to pay Belle amounts due and owing for Belle's work on the Project.

38. As a direct and proximate result of the failure to pay by SVI, Belle has been damaged in the amount of $674,118.98, plus pre- and post-judgment interest pursuant to Federal Acquisition Regulation ("FAR") 52.232-27, incorporated into the Prime Contract and the Subcontract, and taxable court costs.

WHEREFORE, Plaintiff, the United States of America for the use and benefit of Belle General Contracting, Inc., respectfully requests that the Court enter judgment in its favor and against Defendants, Stampede Ventures, Inc. and Liberty Mutual Insurance Company, jointly and severally, in the amount of $674,118.98, plus pre- and post-judgment interest pursuant to FAR 52.232-27, the costs of this action, and grant such other relief as this Court deems appropriate.

Respectfully Submitted,

**BELLE GENERAL CONTRACTING, INC.**

/s/ *Jesse B. Gordon*
Jesse B. Gordon, Esq. (VSB No. 68187)
REAVES PLLC
555 Belaire Avenue, Suite 300
Chesapeake, VA 23320
Telephone: (757) 410-8066/Fax: (757) 410-8258
Email: Jesse.Gordon@reavesgovcon.com
*Counsel for Plaintiff, Belle General Contracting, Inc.*